# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER MARCUS, MATT KOLTNOW, DIANNE BARTON-PAINE, AND OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>v.<br><br>THE AMERICAN CONTRACT BRIDGE LEAGUE,<br><br>DEFENDANT. | CIVIL ACTION NO. 17-11165-FDS |

**DEFENDANT THE AMERICAN CONTRACT BRIDGE LEAGUE'S RESPONSE TO PLAINTIFFS' MOTION FOR AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS [DOC. NO. 189]**

Defendant The American Contract Bridge League ("ACBL") respectfully requests that the Court reduce Plaintiffs' fee petition (Doc. No. 189) by 35% for the reasons set forth below.

**I.   RELEVANT BACKGROUND**

The relevant factual background of this matter is set forth in this Court's Memorandum and Order on Cross-Motions for Summary Judgment ("Mem. and Order on Cross-MSJ," ECF No. 174). In that order, the Court held that full-time, salaried Tournament Directors for ACBL were not exempt under the FLSA's administrative exemption but otherwise granted summary judgment in ACBL's favor on the remaining issues in the case, leaving eight FLSA plaintiffs in the case.[1] While Plaintiffs prevailed on a single issue, they lost on a host of other issues, including (i) whether ACBL employees in management positions (including Field Supervisor,

---

[1] While the Court concluded that there was not enough evidence to determine whether Harvey ever worked as a full-time Tournament Director (and was therefore misclassified) within the relevant time period, Plaintiffs appear to concede that she did not when they refer to "eight" remaining opt-in plaintiffs. *See* Doc. No. 189 at 4.

Manager, Mentor, and other positions) were misclassified as exempt from overtime under the FLSA; (ii) whether Plaintiff Peter Marcus presented a triable issue as to his retaliation claim; (iii) whether the fluctuating workweek method of calculating overtime applied; and (iv) whether Plaintiffs had presented evidence sufficient to support a finding that ACBL willfully violated the FLSA under 29 U.S.C. § 260. Plaintiffs filed a petition for attorneys' fees and costs on August 11, 2021. Doc. No. 189. ACBL stipulated to the amount of attorneys' fees and costs calculated by Plaintiffs' counsel but reserved its right to oppose Plaintiffs' right to recover attorneys' fees for the reasons stated herein, and based on its right to appeal the Court's conclusion that full-time Tournament Directors were misclassified as exempt.

## II.     ARGUMENT

### A.     Standard for an Award of Fees and Costs

Calculation of fee awards generally follows the lodestar approach. *Gross v. Sun Life Assur. Co. of Canada*, 763 F.3d 73, 86 (1st Cir. 2014). The lodestar approach begins by finding "[t]he product of the hours reasonably worked times the reasonable hourly rate(s)." *Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co.*, 745 F.3d 1, 5 (1st Cir. 2014). Reasonableness is the touchstone of this calculation. Reasonable fees are the "prevailing rates in the community [of the court] for comparably qualified attorneys." *United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 19 (1st Cir.1988). Likewise, reasonable hours are the hours "actually spent on the case," *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir.1992), not including "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Once the threshold lodestar is set, "[n]umerous factors ... may support upward or downward adjustments" from it. *Gross*, 763 F.3d at 86. For example, if the plaintiff failed to prevail on claims unrelated to those on which the plaintiff succeeded, it may be appropriate to adjust the lodestar downward. *Hensley*, 461 U.S. at

434–35. Likewise, a downward adjustment may be necessary if the lodestar is disproportionately larger than the level of success achieved by the plaintiff. *Id*.

In determining whether the fees submitted by counsel are reasonable and should be borne by a defendant, the Supreme Court has stated that a court "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Ursic v. Bethlehem Mines,* 719 F.2d 670, 677 (3d Cir. 1983) (quoting *Hensley*, 461 U.S. at 434). In determining whether the fees sought by counsel are reasonable, a court also should consider the overall degree of success of the plaintiff. *Hensley*, 461 U.S. at 424. Where, as here, a party has achieved only partial or limited success, the product of the hours reasonably spent on the litigation as a whole multiplied by a reasonable hourly rate may be excessive. *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Hensley*, 461 U.S. at 436).

ACBL recognizes that it submitted this response beyond the time set forth in the Rules of Civil Procedure. Regardless, the Court has an independent obligation to ensure the reasonableness of Plaintiffs' fee request. *Pinzon v. JONY Food Corp.*, No. 18-CV-105 (RA), at *5 (S.D.N.Y. May 24, 2018) ("In an FLSA case, the Court must independently ascertain the reasonableness of the fee request."); *Prudente v. Prosperity 89 Inc.*, 18-CV-6796 (RA), at *2 (S.D.N.Y. May 5, 2021) (same); *cf. Hensley,* 461 U.S. at 440 ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."); *Ciolino v. Frank*, 716 F.3d 1173, 1190 (9th Cir. 2013). Thus, even if ACBL had submitted a timely response, the Court must still decide whether Plaintiffs' fee petition is reasonable under the totality of the circumstances.

### B. Plaintiffs' Fee Petition Should Be Reduced Because It Includes Fees Related to Claims upon Which Plaintiffs Did Not Prevail and Is Otherwise Excessive in Multiple Respects.

Plaintiffs' fee petition should be reduced for several reasons. First, Plaintiffs cannot recover fees for legal work related to the alleged misclassification of managerial employees as exempt from overtime because they lost on that claim. The Court held that those positions – an *outright majority* of the positions at issue – were properly classified as exempt. Although it is impossible to determine exactly how much time Plaintiffs' counsel committed to this claim, it is noteworthy that three depositions took place involving plaintiffs who were held to have been properly classified as exempt during the relevant time frame (Matthew Koltnow, Arlene Harvey, and Marilyn Wells). While Plaintiffs' fee petition includes a voluntary reduction of 28.30 hours for time deemed by Plaintiffs' counsel to have been "non-productive" (Doc. No. 189-1 at 4), those entries do not appear to be associated with Plaintiffs' efforts litigating the exempt status of managerial employees (an issue upon which they lost). Instead, those entries focus on the question of whether a single opt-in plaintiff, Kenneth Van Cleve, could remain in the case despite having passed away and Plaintiffs' counsel failure to file a timely motion to substitute under Federal Rule of Civil Procedure 25. While those are appropriate reductions, Plaintiffs also cannot recover fees in connection with the larger issue of whether the managerial positions at issue here were misclassified.

Second, Plaintiffs cannot recover fees for legal work related to Peter Marcus's unsuccessful retaliation claim. As with the issue of the managerial employees' classification, it is impossible to determine exactly how much time Plaintiffs' counsel committed to Marcus's retaliation claim. Yet there is no question this was a significant issue in the case, comprising more than four pages of briefing by ACBL and three pages by Plaintiffs in their summary judgment papers, and requiring many hours in discovery and deposition practice. While

Plaintiffs' fee petition reduces the amount sought for the motion practice, it ignores the additional fees relating to the filing of the complaint and depositions. For example, Mr. Marcus was deposed over a period of two days. A substantial portion of this deposition was devoted to his individual claims. Others testifying about these issues included Robert Hartman, Sylvia Hardin and Gary Blevins. Accordingly, fees for work performed in connection with this claim are not recoverable.

Third, Plaintiffs cannot recover fees that relate to other positions they took which were not successful. These include (a) Plaintiffs' position that the fluctuating workweek method of calculating overtime should not apply despite clear First Circuit precedent to the contrary; (b) Plaintiffs' argument that the Court should award liquidated damages under 29 U.S.C. § 260; and (c) Plaintiffs' inclusion of two employees (Terry Lavender and Susan Doe) who clearly should not have remained in the lawsuit because they never worked as salaried employees within the relevant time period.

Finally, a "downward adjustment" is necessary here because the fees sought by Plaintiffs' counsel are "disproportionately larger than the level of success achieved" by Plaintiffs. *Hensley*, 461 U.S. at 434-35. As set forth in the Joint Stipulation Regarding Overtime Pay submitted on this date, the total amount of overtime due to the eight remaining opt-in plaintiffs is modest: **$10,969.15**. Plaintiffs seek fees totaling **$202,841**, which is *eighteen times* more than the damages in this case, and for just eight of the nineteen opt-in plaintiffs. The large disparity between the results obtained and the fees spent justifies a downward adjustment.

While ACBL recognizes that Plaintiffs prevailed on a central issue in this case, ACBL requests that the Court reduce Plaintiffs' fee petition significantly in light of the many issues

upon which they did not prevail. ACBL believes that a 35% reduction in Plaintiffs' fee petition is more than appropriate for the reasons set forth above.

## III. CONCLUSION

For the foregoing reasons, ACBL respectfully requests that the Court reduce Plaintiffs' fee petition by 35%.

Respectfully submitted,

THE AMERICAN CONTRACT BRIDGE LEAGUE INC.

By its attorneys,

/s/ Melissa L. McDonagh
Melissa L. McDonagh (BBO #569023)
Francis J. Bingham (BBO #682502)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052
mmcdonagh@littler.com
fbingham@littler.com

Paul E. Prather (admitted *Pro Hac Vice*)
LITTLER MENDELSON, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, TN 38125
(901) 322-1257 (t)
(901) 271-7189 (f)
pprather@littler.com

Dated: September    , 2021

**CERTIFICATE OF SERVICE**

    I, Melissa L. McDonagh, hereby certify that on this ___th day of September 2021, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

                                            */s/ Melissa L. McDonagh*
                                            Melissa L. McDonagh