**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )
**PETER MARCUS, MATT KOLTNOW,**                     )
**and DIANNE BARTON-PAINE, on behalf**              )
**of themselves and all others similarly**          )
**situated,**                                        )
                                                    )
                    **Plaintiffs,**                  )          **Civil Action No.**
                                                    )          **17-11165-FDS**
                    **v.**                           )
                                                    )
**AMERICAN CONTRACT BRIDGE**                        )
**LEAGUE, INC.,**                                    )
                                                    )
                    **Defendant.**                   )
_____)

**MEMORANDUM AND ORDER ON PLAINTIFFS'**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

**SAYLOR, C.J.**

This is a petition for attorneys' fees and costs, arising out of claims by current and former

tournament directors for American Contract Bridge League, Inc. ("ACBL") for violations of the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  The Court granted partial summary

judgment to plaintiffs for recovery of unpaid overtime for plaintiffs who worked as salaried

Tournament Directors since April 24, 2017.  Pursuant to 29 U.S.C. § 216(b), plaintiffs have

moved for an award of $202,841.25 in attorneys' fees and $26,864 in costs.

For the following reasons, that motion will be granted in part and denied in part.  The

Court will award plaintiffs reasonable attorneys' fees in the amount of $190,666.69 and costs of

$26,864.

**I.     Background**

On June 23, 2017, Peter Marcus filed the complaint in this action.  Count 1 alleged that

ACBL failed to pay overtime to Marcus and similarly situated plaintiffs in violation of the FLSA.  Count 2 alleged that ACBL retaliated against Marcus in violation of the FLSA.  On November 14, 2017, Marcus filed an amended complaint that added Matt Koltnow and Dianne Barton-Paine as named plaintiffs.

On September 28, 2018, the Court granted plaintiffs' motion to conditionally certify a collective action.  On May 29, 2019, after potential class members consented to the action, the Court granted plaintiffs' motion to recognize Marcus, Koltnow, Barton-Paine, and 16 opt-in plaintiffs as a collective action.

The parties cross-moved for summary judgment on May 11, 2020, as to Count 1, and ACBL also moved as to Count 2.  The Court, among other things, granted plaintiffs' motion for summary judgment to the extent that it sought to recover unpaid overtime for plaintiffs who worked as salaried Tournament Directors since April 24, 2017 (but otherwise denied plaintiffs' motion).[1]  On September 10, 2021, the parties stipulated to overtime calculations for the remaining opt-in plaintiffs.  (Joint Stipulation at 1-2).

Plaintiffs have moved for an award of $202,841.25 in attorneys' fees and $26,864 in costs.  In response, ACBL has requested a 35% global reduction based on the lack of success of certain claims, but has otherwise stipulated to the amount of attorneys' fees and costs calculated by plaintiffs' counsel.

## II.    Analysis

Under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

---

[1] The Court's conclusions are set forth in greater detail in the Memorandum and Order on Cross-Motions for Summary Judgment, Defendant's Motion to Dismiss, Defendant's Motion to Strike, and Defendant's Motion to Decertify Class (Docket No. 174).

29 U.S.C. § 216(b); *see Diver v. Goddard Mem'l Hosp.*, 783 F.2d 6, 7-8 (1st Cir. 1986).

**A.      Attorneys' Fees**

**1.      Hours Reasonably Expended**

In the First Circuit, courts follow the so-called "lodestar" method for calculating reasonable attorneys' fees. *Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994); *see also Hutchinson v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011); *Marrotta v. Suffolk Cty.*, 726 F. Supp. 2d 1, 4 (D. Mass. 2010) (using lodestar method for FLSA award). The lodestar method involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In fashioning the lodestar, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see also Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984) (explaining that a court should subtract "hours which [are] duplicative, unproductive, excessive, or otherwise unnecessary.").[2] "[T]he court has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort." *United States v. Metro. Dist. Comm'n*, 847 F.2d 12, 17 (1st Cir. 1988) (internal quotation marks and citation omitted).

Here, plaintiffs were represented by attorney Peter Goselin, with the limited assistance of local counsel, Nicole Rothgeb. Attorney Goselin recorded 483.60 hours at a rate of $450 per hour. Attorney Rothgeb recorded 17.85 hours at a rate of $375 per hour. In sum, plaintiffs

---

[2] Defendant does not appear to dispute that plaintiffs are the "prevailing party," which the Supreme Court has defined as those who "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433 (internal citations omitted).

3

request $202,841.25 in attorneys' fees.[3]  An affidavit from attorney Goselin was submitted in support of the hours reasonably requested.  Plaintiffs have also submitted records from attorneys Goselin and Rothgeb, which are generally itemized in tenths-of-an-hour increments.

Defendant has stipulated to the amount of attorneys' fees calculated by plaintiffs' counsel, limiting its argument to a 35% requested adjustment discussed below.[4]  Nonetheless, the Court has independently considered whether the requested number of hours are reasonable.

The amended complaint asserted two claims, failure to pay overtime and retaliation. Conditional class certification was later granted, and sixteen opt-in plaintiffs were eventually included.  Plaintiffs took five depositions of decisionmakers at ACBL, and defendant took depositions of six opt-in plaintiffs.  Motion practice culminated in cross-motions for summary judgment.  Defendant filed 18 separate motions for summary judgment, although they were largely duplicative.

Against this backdrop, the Court has reviewed the billing records and affidavit provided by attorney Goselin.  Under the circumstances, it appears that the hours requested are not "excessive, redundant, or otherwise unnecessary" and that plaintiffs' counsel spent a reasonable amount of time litigating this case.  *Hensley*, 461 U.S. at 434.

Accordingly, after careful consideration of the hourly records, and in the absence of any objection from defendant, the Court will not modify its calculation based on the hours reasonably expended.

---

[3] This amount excludes write-offs and a 10% voluntary reduction of attorney Goselin's hours spent on motion practice.

[4] Defendant's brief states that "ACBL stipulated to the amount of attorneys' fees and costs calculated by Plaintiffs' counsel but reserved its right to oppose Plaintiffs' right to recover attorneys' fees for the reasons stated herein . . . ."  (Def. Opp'n at 2).

2.      **Reasonable Hourly Rate**

After determining the number of hours reasonably expended, the second step in calculating the lodestar requires a determination of a reasonable hourly rate—a determination that is benchmarked to the "prevailing rates in the community" for lawyers of like "qualifications, experience, and specialized competence." *See Gay Officers League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). In determining a reasonable hourly rate, a court must consider "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." *Grendel's Den*, 749 F.2d at 951. The moving party bears the burden of establishing an attorney's level of skill and experience, and when that party fails to provide documentation as to the attorney's qualifications, a court may reduce the hourly rate. *See, e.g., Martinez v. Hodgson*, 265 F. Supp. 2d 135, 143 (D. Mass. 2003).

Here, attorney Goselin has requested $450 per hour. He has been practicing law for more than 26 years and focuses his solo practice on employment and labor law matters. (Aff. of Goselin ¶¶ 2; 3; 5). He states that he has been lead counsel for numerous trials and appeals relating to wage and hour litigation in state and federal court. (*Id.* ¶ 6). His customary rate for non-contingency matters is $400 per hour, and he states that highly experienced labor law attorneys in Connecticut (where he is based) customarily charge between $450 and $600 per hour. (*Id.* ¶ 9).

Attorney Rothgeb has requested $375 per hour. She graduated from the University of Connecticut Law School with honors. (*Id.* ¶ 13). She is a partner at Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C. and primarily practices employment and labor law. (*Id.* ¶¶ 14-15).

Plaintiffs have also supplied an affidavit from Nathan Goldstein, an attorney in Boston with employment and labor law experience, who states that the rates of $450 and $375 charged by attorneys Goselin and Rothgeb in this matter are reasonable and consistent with employment

5

attorneys of comparable skill, ability, experience, and reputation.  (Aff. of Goldstein ¶ 10).

All things considered, the rates appear to be generally reasonable and are not challenged by defendant.  The rates also appear to take into account the lawyers' experience, abilities, and reputation and are commensurate with "prevailing rates in the community."  *See Gay Officers League*, 247 F.3d at 295.  The Court therefore will not modify its calculation based on the reasonableness of the rates charged by plaintiffs' attorneys.

### 3.    <u>Adjustments</u>

Finally, after determining the reasonable number of hours and hourly rate, the court may adjust the lodestar upward or downward for other factors.  *Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011).  Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Diaz v. Jiten Hotel Mgmt., Inc.*, 741 F.3d 170, 177 n.7 (1st Cir. 2013) (quoting *Hensley*, 461 U.S. at 430 n.3).

The "most critical factor" for a reasonable attorneys' fee award is "the degree of success obtained."  *Hensley*, 461 U.S. at 436.  According to the First Circuit, this factor requires scrutinizing "plaintiff's success claim by claim," the "relief actually achieved," and "the societal importance of the right which has been vindicated."  *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 338 (1st Cir. 1997).[5]

---

[5] It is not clear how a court would normally consider whether the rights secured in an individual case are of particular societal importance.  One court has observed that "FLSA cases . . . involve rights that are important in themselves, and Congress has implicitly made a judgment that FLSA suits are likely to lead to changes in an

Here, the Court must consider plaintiffs' success claim-by-claim and the relief achieved. *Coutin*, 124 F.3d at 338.  Plaintiffs prevailed on Count 1 only as to recovery of unpaid overtime for plaintiffs who worked as salaried Tournament Directors since April 24, 2017.  They did not prevail on Count 1 as to National Tournament Directors, Associate National Tournament Directors, Field Supervisors, Area Managers, and Mentors—a majority of the positions at issue. Plaintiff Marcus also did not prevail on his FLSA retaliation claim.  The Court further denied plaintiffs' motion for summary judgment to the extent it sought a three-year statute of limitations for willfulness under 29 U.S.C. § 255(a) as well as liquidated damages under § 216(b).  After the Court's summary-judgment opinion, the parties stipulated to overtime calculations for the remaining opt-in plaintiffs, which totaled $10,970.  (Joint Stipulation at 1-2).

Recognizing these considerations, plaintiffs' counsel has voluntarily reduced hours spent on motion practice by 10% and made several other deductions.  (Pls. Mem. at 8).  Defendant, in contrast, has requested a 35% reduction.  (Def. Opp'n at 6).  All things considered, the Court is of the view that an overall 15% reduction is more appropriate in these circumstances.  Such a reduction would reflect the lack of success on many claims, but also reflect the fact that a case such as this involves fact-intensive inquiries that do not always lend themselves to a neat assignment of attorney time to individual cases.

Thus, the Court will reduce attorneys' fees by 15% after consideration of the aforementioned factors, including the results obtained.[6]  This adjustment takes into account plaintiffs' limited recovery of unpaid overtime (limited to salaried Tournament Directors under a

---

employer's practices that have effects beyond the immediate suit." *Mogilevsky v. Bally Total Fitness Corp.*, 311 F. Supp. 2d 212, 221 (D. Mass. 2004).  That, of course, is true of a wide variety of cases; for example, a slip-and-fall case is likely to lead to changes to building maintenance practices.  In any event, that factor is not dispositive here.

[6] A complete accounting of the Court's calculations can be found in Attachment 1.

two-year statute of limitations) and the failure of the retaliation claim.  *See Mogilevsky*, 311 F.

Supp. 2d at 221 (reducing lodestar by 15% in light of limited results obtained in FLSA action,

including failure to prevail on portion of FLSA claim and failure to establish willfulness);

*Coutin*, 124 F.3d at 338-41 (stating that "while a judge may not automatically reduce a fee award

in proportion to a judgment that is significantly less than the plaintiff sought, the judge can take

that small judgment into reasonable account" in calculating lodestar).  Furthermore, the records

available to the Court make it difficult, if not impossible, to account for those considerations

entry-by-entry, so a 15% reduction is appropriate and reasonable under the circumstances.

In summary, after a review of plaintiffs' requested fees, the Court will award reasonable

fees in the amount of $190,666.69, representing a 15% reduction of the original hours recorded.

### B. Costs

After a review of plaintiffs' costs, and a stipulation by defendant as to the amount, the

Court will award costs of $26,864.[7]

## III. Conclusion

For the foregoing reasons, plaintiffs' motion for attorneys' fees and costs is GRANTED

in the amount of $190,666.69 in fees and $26,864 in costs, and otherwise is DENIED.

**So Ordered.**


                                                    /s/ F. Dennis Saylor IV
                                                    F. Dennis Saylor IV
Dated: January 21, 2022                             Chief Judge, United States District Court


---

[7] Plaintiffs' motion requests costs in the amount of $24,864, which appears to be a typographical error. (Pls. Mot. at 1).  Plaintiffs' memorandum and record of costs both reflect an amount of $26,864.  (Pls. Mem. at 10; Pls. Ex. 5).

8

**ATTACHMENT 1**

|  |  | **Hours** | **Rate** | **Total** |
|---|---|---|---|---|
|  | Attorney Rothgeb | 17.85 | $375 | $6,693.75 |
|  | Attorney Goselin | 483.60 | $450 | $217,620.00 |
| 15% Reduction |  |  |  | ($33,647.06) |
| **Total Fee Award** |  |  |  | **$190,666.69** |
|  |  |  |  |  |
| **Total Cost Award** |  |  |  | **$26,864.00** |