UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PETER MARCUS, MATT KOLTNOW, and DIANNE BARTON-PAINE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN CONTRACT BRIDGE LEAGUE, INC., <br><br> Defendant. | Civil Action No. <br> 17-11165-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AS TO LIQUIDATED DAMAGES

**SAYLOR, C.J.**

This case involves claims by current and former tournament directors for American Contract Bridge League, Inc. ("ACBL") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  The Court granted partial summary judgment to plaintiffs for recovery of unpaid overtime for plaintiffs who worked as salaried Tournament Directors since April 24, 2017.  It also, among other things, granted defendant's motion for summary judgment to the extent it sought a two-year limitations period and denied plaintiffs' motion for summary judgment as to liquidated damages.  In a new motion, defendant now seeks summary judgment on the issue of liquidated damages.  For the following reasons, that motion will be granted in part.

### I. Background

#### A. Factual Background

The facts as stated in the Court's Memorandum and Order on Cross-Motions for Summary Judgment, Defendant's Motion to Dismiss, Defendant's Motion to Strike, and Defendant's Motion to Decertify Class, dated March 24, 2021, are incorporated herein. The parties have not provided additional statements of material facts and do not raise any new factual issues. Facts relevant to the present motion are briefly summarized below.

In 2014, ACBL asked its legal counsel at the law firm Littler Mendelson to determine whether full-time Tournament Directors were properly classified as exempt under the FLSA. (Def. SMF ¶ 75; Pl. SMF ¶ 65). In March 2014, Littler provided ACBL a memorandum that concluded that "ACBL has a strong argument that both full-time and part-time Tournament Directors may be classified as administratively exempt." (Hartman Dec. Ex. A ("Littler Memo"), at 5). It further concluded that Tournament Directors who "typically work as a DIC [Director-in-Charge]" would "almost certainly qualify as exempt" under either the executive or administrative exemption. (*Id.*). ACBL continued to classify its full-time Tournament Directors as exempt. (Def. SMF ¶ 77).

In November 2014, Peter Marcus, who at that time was a full-time, salaried Tournament Director, filed a complaint with the Department of Labor. (Pl. SMF ¶ 18). That complaint alleged that he had been misclassified as an exempt employee. (*Id.*). The Department of Labor investigator eventually concluded that Tournament Directors were not exempt under either the executive exemption or the administrative exemption. (Pl. SMF Ex. 5, at 3). In October 2015, the investigator communicated those findings to ACBL's counsel and advised him that ACBL owed Marcus $3,883.14 in overtime back wages. (*Id.* at 5, 7).

Counsel for ACBL informed the investigator that he disagreed that salaried Tournament

2

Directors were due overtime and that therefore ACBL would not pay back wages. (*Id.* at 7). He further informed the investigator that ACBL was going to discontinue the Tournament Director position. (*Id.*). The investigator's report states that ACBL "assured future compliance but refused to pay the back wages" and that the investigator "recommended that the file . . . be administratively closed after review." (*Id.* at 8).

B.     **Procedural Background**

On June 23, 2017, Peter Marcus filed the complaint in this action. Count 1 alleged that ACBL failed to pay overtime to Marcus and similarly situated plaintiffs in violation of the FLSA. Count 2 alleged that ACBL retaliated against Marcus in violation of the FLSA. On November 14, 2017, Marcus filed an amended complaint that added Matt Koltnow and Dianne Barton-Paine as named plaintiffs.

On September 28, 2018, the Court granted plaintiffs' motion to conditionally certify a collective action. On May 29, 2019, after potential class members consented to the action, the Court granted plaintiffs' motion to recognize Marcus, Koltnow, Barton-Paine, and 16 opt-in plaintiffs as a collective action.

On May 11, 2020, the parties cross-moved for summary judgment as to Count 1, and ACBL also moved as to Count 2. The Court, among other things, granted plaintiffs' motion for summary judgment to the extent that it sought to recover unpaid overtime for plaintiffs who worked as salaried Tournament Directors since April 24, 2017 (but otherwise denied plaintiffs' motion).[1] It also granted ACBL's motion for summary judgment to the extent it sought a two-year limitations period and denied plaintiffs' motion for summary judgment as to liquidated

---

[1] The Court's conclusions are set forth in greater detail in the Memorandum and Order on Cross-Motions for Summary Judgment, Defendant's Motion to Dismiss, Defendant's Motion to Strike, and Defendant's Motion to Decertify Class (Docket No. 174).

damages. On September 10, 2021, the parties stipulated to overtime calculations for the remaining opt-in plaintiffs. (Joint Stipulation at 1-2).

In a new motion, ACBL has moved for summary judgment on the issue of liquidated damages. It contends that there is no basis for an award of liquidated damages against ACBL because the undisputed facts establish that ACBL acted in good faith and had reasonable grounds to believe its classification decision as to full-time, salaried Tournament Directors did not violate the FLSA. Plaintiffs have opposed the motion, arguing that the evidence does not support such a conclusion.

## II.     Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (internal citation omitted). When evaluating a summary-judgment motion, the court makes all reasonable inferences in favor of the nonmoving party. *See O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and footnotes omitted). The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

**III.     Analysis**

An employer who violates the overtime provisions of the FLSA is liable to the affected employees "in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  A court may decline to award liquidated damages if an employer shows that the conduct resulting in an FLSA violation was in "good faith" and that it had "reasonable grounds for believing" that it complied with the statute. *Id.* § 260.

The burden is on the employer to show good faith and objective reasonableness.  *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 36 (1st Cir. 2007) (citing 29 U.S.C. § 260).  That burden "is a surprisingly heavy one, as 'case law construing 29 U.S.C. § 260 strongly suggests that liquidated damages must be awarded unless the employer can show that it solicited an opinion from the Department of Labor regarding the employment practice at issue, or relied on the advice of informed counsel.'" *Murphy v. Town of Natick*, 516 F. Supp. 2d 153, 161 (D. Mass. 2007) (quoting *O'Brien v. Town of Agawam*, 482 F. Supp. 2d 115, 120 (D. Mass. 2007)); *see also Pagan-Colon v. Walgreens of San Patricio, Inc.*, 697 F.3d 1, 15 (1st Cir. 2012) (affirming district court's determination of good faith under FMLA where defendant consulted with "attorney several times to understand the company's legal obligations and obtain guidance in how to proceed").

Defendant relies on the same arguments and evidence concerning good faith as it did in refuting willfulness, although plaintiffs contend that the Court's decision on the latter is not dispositive here.  However, courts often look at the same evidence when considering good faith as they do when considering willfulness. *See, e.g.*, *Chao*, 493 F.3d at 35 ("[T]he district court found that Defendants failed to show good faith or objective reasonableness, referring back to its findings on willfulness with respect to the applicable statute of limitations. . . . The district

5

court's willfulness findings are not clearly erroneous, and they adequately support the court's decision to award liquidated damages." (internal citation omitted)); *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011) ("[W]e credit the district court's finding that Mountaire's acts were not 'willful' as evidence of Mountaire's good faith.").[2]  That evidence includes, among other things, whether the employer relied on the advice of counsel when determining its obligations under the FLSA.  *See Murphy*, 516 F. Supp. 2d at 161.  Defendant did so here on more than one occasion.  In 2014, counsel provided defendant with a memorandum that analyzed whether Tournament Directors should be classified as exempt.  It concluded that defendant had "a strong argument that both full-time and part-time Tournament Directors may be classified as administratively exempt." (Littler Memo at 5).[3]  Defendant also consulted with legal counsel in 2016 when it decided to reclassify its full-time Tournament Directors as non-exempt after new Department of Labor regulations were released.  (Def. SMF ¶ 78-79; Hartman Dep. at 26).

Nevertheless, plaintiffs oppose the motion on three grounds:  first, because defendant did not reconsider its classification policy after a DOL investigator informed defendant that Tournament Directors were misclassified; second, because defendant classified part-time Tournament Directors as non-exempt and paid them overtime wages; and third, because defendant classified its full-time Tournament Directors as non-exempt in 2017.

None of these arguments are dispositive.  Plaintiffs first point to the fact that a single

---

[2] Even though the same evidence may be relevant to willfulness and good faith, the burdens of proof differ: the burden is on the employee to prove willfulness, but the burden is on the employer to prove good faith.  *Compare Cruz v. Boston Litig. Solutions*, 2016 WL 3568254, at *10 (D. Mass. May 24, 2016) ("The employee bears the burden of showing that the defendant's conduct was willful."), *with Chao*, 493 F.3d at 36 ("[I]t is the employer's burden to show good faith and objective reasonableness . . . ." (emphasis omitted)).

[3] According to the Littler memorandum, in 2007, defendant requested from the Department of Labor "an advisory opinion on whether Tournament Directors [were] properly classified as exempt under the FLSA." (Littler Memo at 4 n.3).  The Department, however, apparently never provided the requested opinion.  (*See id.*).

Department of Labor investigator reached the opposite conclusion after he investigated whether Tournament Directors, and specifically Marcus, were properly classified as exempt. (*See* Pl. SMF Ex. 5). He concluded that they were not and informed defendant's counsel of that conclusion. (*See id.* at 3, 7). In response, counsel told the investigator that defendant "disagreed that overtime was due to" Marcus and "[was] not agreeing to pay any back wages." (*Id.* at 7).

Again, by all accounts, defendant followed what appeared to be reasonable and well-supported advice made by informed counsel. The DOL investigator's analysis of the exemption status of Tournament Directors is limited. In the span of four sentences—and without considering any case law—it recites the basic duties of Tournament Directors and concludes that neither the executive exemption nor the administrative exemption applies. (*See* Pl. SMF Ex. 5, at 3). The Littler memorandum, by contrast, presents a detailed analysis of the exemption status of Tournament Directors, including considering relevant judicial decisions. (*See* Littler Memo at 5-7). Defendant could have reasonably concluded that its counsel's thorough analysis more accurately assessed whether Tournament Directors were properly exempt. Thus, notwithstanding that fact, defendant can satisfy its burden of showing that it acted in good faith and had reasonable grounds for believing that it was complying with the FLSA.

Defendant's classification decisions regarding part-time Tournament Directors and full-time Tournament Directors in 2017 also do not make defendant's conduct unreasonable. Defendant not only sought out advice from legal counsel after the Department of Labor's investigation but also made changes to its compensation structure based on that advice specifically to comply with FLSA regulations. Those undisputed facts, even viewed in a light most favorable to plaintiffs, show that defendant took reasonable steps to investigate FLSA requirements, which is "the crux of the good faith inquiry." *Scalia v. World Marble & Granite*

*Corp.*, 2021 WL 2481255, at *10 (D. Mass. June 17, 2021).

Ultimately, there is insufficient evidence from which a reasonable factfinder could find in plaintiffs' favor on the issue of liquidated damages.  This is not a case with falsified or missing records, cash payments to avoid a paper trail, or anything similar.  There is also no evidence of high-level officers making statements indicating an awareness of their obligations and an unwillingness to follow the law.  And defendant consulted and reasonably relied upon the advice of informed counsel.  For all of those reasons, defendant has met its burden of showing good faith and objective reasonableness, and the Court will exercise discretion conferred under 29 U.S.C. § 260.  Accordingly, the Court will grant defendant's motion to the extent it seeks a finding that pursuant to 29 U.S.C. § 260, there is no basis for an award of liquidated damages.

## IV.    Conclusion

For the foregoing reasons, defendant's motion for summary judgment as to liquidated damages is GRANTED to the extent it seeks a finding that there is no basis for an award of liquidated damages and otherwise is DENIED.

**So Ordered.**

Dated: January 28, 2022

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court