UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER MARCUS, MATT KOLTNOW,
DIANNE BARTON-PAINE, AND OTHERS
SIMILARLY SITUATED,

        Plaintiffs,

    v.

THE AMERICAN CONTRACT BRIDGE
LEAGUE,

        Defendant.

Civil Action No. 1:17-cv-11165-FDS

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Peter Marcus, Matt Koltnow, Dianne Barton-Paine and others similarly situated (together, "Plaintiffs"), and The American Contract Bridge League ("ACBL" or "Defendant"), by and through their undersigned counsel, respectfully move the Court for an order approving their proposed resolution of this action. In support, the parties state:

1. Plaintiffs filed this case alleging, inter alia, violations of the Fair Labor Standards Act ("FLSA"). Dkt. No. 1. Plaintiffs, who worked in various positions related to directing tournaments for ACBL, alleged that they were misclassified as exempt from overtime under the FLSA. Plaintiffs sought to recover overtime payments for hours worked in excess of 40 in each workweek when they were allegedly misclassified. ACBL denied Plaintiffs' allegations.

2. On September 28, 2018, the Court conditionally certified a collective action under the FLSA. On May 29, 2019, the Court granted Plaintiffs' motion to recognize Marcus, Koltnow, and Barton-Paine, and sixteen other opt-in plaintiffs, as a collective action.

3. The parties filed cross motions for summary judgment in 2020. On March 24, 2021, the Court issued an order granting summary judgment in ACBL's favor as to several positions and

plaintiffs while granting summary judgment in Plaintiffs' favor as to the full-time tournament director position. Both parties appealed the ruling.

4. On August 14, 2023, the First Circuit Court of Appeals affirmed the Court's judgment in most respects but reversed and remanded the case for further proceedings on certain claims. Neither party appealed to the United States Supreme Court.

5. After the matter was remanded, the parties reviewed time and pay records of the opt-in Plaintiffs and agreed upon the final calculation of damages for the opt-in Plaintiffs deemed by this Court or the First Circuit Court of Appeals to have been misclassified under the FLSA, those who worked as exempt full-time tournament directors, associate national tournament directors or national tournament directors. The parties assessed approximate overtime hours for these opt-in Plaintiffs and determined the overtime amounts owed by using their applicable salaries in effect during the relevant time. The parties' final calculations are reflected in their February 2, 2024 Stipulation Regarding Overtime Pay and Attorneys' Fees, which the Court adopted. Dkt. No. 224. The parties believe that the method of calculating overtime reflected in their joint stipulation represents a fair and reasonable estimate the overtime hours worked by the plaintiffs deemed to have been misclassified.

6. With respect to attorney's fees and costs, the Parties have agreed that ACBL will pay the amount the Parties had stipulated to, and the Court awarded, through August 10, 2021, plus the costs on the appeal and approximately 75% of the attorneys' fees on the appeal.

7. After considerable good faith negotiations, the parties agreed to these calculations of damages in lieu of additional appeals or petitioning the Court for an award of overtime or attorneys' fees and costs.

8. Settlements of claims under the FLSA settlements require court approval. *See* 29 U.S.C. § 216(b); *Singleton v. AT&T Mobility Services, LLC*, 146 F. Supp. 3d 258, 260 & n. 1 (D. Mass. 2015) (noting, in an FLSA action in which the parties settled the claims of individual plaintiffs prior to certification, that "[t]he private settlement of FLSA claims requires the approval of either the Department of Labor or the district court"). When assessing proposed settlements under the FLSA, courts must determine whether "the parties' proposed settlement represents a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id*. at 260 (quoting *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Accordingly, the parties are now seeking the Court's approval of the settlement of their claims under the FLSA.

9. The parties agree that payments will be made by ACBL to the Plaintiffs in the amount of $1,245 to Eric Bell, $3,868.61 to Jennifer Carmichael, $1,011.00 to John Gram, $1,1775.50 to Jeffrey A. Jacob, $2,783.84 to Matt Koltnow, $1,012.00 to the surviving spouse of Karl Miller, $1,556.00 to Joan Paradeis, $2,270.86 to the surviving spouse of Kenneth Van Cleve, $987.00 to Nancy Watkins, and $4,343.53 to Lynn Yokel.

10. With respect to attorney's fees and costs, the parties agreed that ACBL will pay the Plaintiff's counsel the total amount of $337,739.00.

11. ACBL shall bear its own costs, expenses, and attorneys' fees.

12. The payments to which the parties have agreed are based upon Plaintiffs' counsel's independent review of the potential damages available to the Plaintiffs, the records produced by the parties and Plaintiffs' recollection of their hours worked.

13. The parties submit that the proposed resolution is fair and reasonable to Plaintiffs, considering the orders issued by this Court and the First Circuit Court of Appeals; the complexity and expense of this litigation; the uncertainty the opt-in Plaintiffs would face in establishing

damages in the absence of exact records of time worked; statute of limitations issues; and the range of any potential recovery in the damages phase of this litigation.

14. The parties' proposed resolution was negotiated with both parties being represented by competent, experienced counsel, and reflects the parties' good faith intent and agreement that Plaintiffs' claims be fully and finally resolved, not to be relitigated in whole or in part at any point in the future.

15. The resolution includes but is not limited to a release of Plaintiffs' claims against Defendant under the FLSA, as well as any and all other wage-related claims, and the dismissal of this action with prejudice.

16. The parties have agreed that the payments will be made by ACBL and the parties request that the Court stay this matter and retain jurisdiction over it to enforce the settlement until thirty days following entry of the order approving the proposed resolution of this matter.

17. Upon dismissal of this action with prejudice, the parties waive any and all rights of appeal.

WHEREFORE, Plaintiffs and Defendant jointly move the Court for an order approving their proposed resolution of this matter. A proposed Order is submitted herewith.

Respectfully submitted,

| | |
|---|---|
| PETER MARCUS, MATT KOLTNOW, DIANNE BARTON-PAINE, for themselves and similarly-situated employees, | THE AMERICAN CONTRACT BRIDGE LEAGUE, |
| By their attorneys, | By its attorneys, |
| /s/ Peter Goselin<br>Peter Goselin (admitted Pro Hac Vice)<br>THE LAW OFFICE OF PETER GOSELIN<br>557 Prospect Avenue, 2nd Floor<br>Hartford, CT 06105<br>860.580.9675 (t)<br>860.232.7818 (f)<br>pdgoselin@gmail.com<br><br>Raymond E. Dinsmore, III<br>HAYBER, MCKENNA & DINSMORE, LLC<br>One Monarch Place<br>Suite 1340<br>Springfield, MA 01144<br>413-785-1400<br>860-218-9555<br>rdinsmore@hayberlawfirm.com | /s/ Melissa L. McDonagh<br>Melissa L. McDonagh, Bar No. 569023<br>mmcdonagh@littler.com<br>Francis J. Bingham, Bar No. 682502<br>fbingham@littler.com<br><br>LITTLER MENDELSON, P.C.<br>One International Place, Suite 2700<br>Boston, MA  02110<br>Telephone:     617.378.6000<br>Facsimile:     617.737.0052<br><br>Paul E. Prather (admitted Pro Hac Vice)<br>pprather@littler.com<br><br>LITTLER MENDELSON, P.C.<br>3725 Champion Hills Drive, Suite 3000<br>Memphis, TN 38125<br>Telephone:     901.322.1257<br>Facsimile:     901.271.7189 (f) |

Dated:  February 28, 2024


**CERTIFICATE OF SERVICE**

I, Melissa L. McDonagh, hereby certify that on this 28th day of February 2024, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to plaintiffs' counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Melissa L. McDonagh
Melissa L. McDonagh